```
                    UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF PENNSYLVANIA
UNITED STATES OF AMERICA      )    CRIMINAL NO. 4:19-CR-0207-3
                              )
                              )    (BRANN, C.J.)
         v.                   )
                              )    (ARBUCKLE, M.J.)
TERRY HARRIS,                 )
         Defendant            )
```

<u>MEMORANDUM OPINION ON
SECOND MOTION TO REVOKE DETENTION ORDER</u>
(Doc. 226)

## I.   INTRODUCTION

After over forty months in pre-trial detention Terry Harris once again seeks bail, alleging that his continued detention violates due process. On August 31, 2022, Harris filed his Second Motion for Bail (Doc. 226) and a Brief in Support (Doc. 227). The Government filed a Brief in Opposition on September 14, 2022 (Doc. 229). Harris did not file a Reply Brief. The motion is ripe for decision.

## II.  PROCEDURAL HISTORY

The Court adopts the procedural history set forth in Defendant's Brief in Support of the Second Motion to Revoke Detention Order (Doc. 227, pp. 1-2).

## III. APPLICABLE LAW

The Court adopts the statement of applicable law (titled Argument) set out in Defendant's Brief in Support of the Second Motion to Revoke Detention Order (Doc. 227, pp. 2-3).

## IV. PRESUMPTION OF DETENTION

There is a presumption of detention in this case under 18 U.S.C. § 3142(e)(3)(a). Harris is charged with violations of the Controlled Substances Act punishable by a maximum of greater than ten years of imprisonment. Given the quantity of drugs alleged in the indictment, if convicted, Harris faces a mandatory fifteen year minimum with a potential maximum of life imprisonment.

## V. FINDINGS OF FACT

The Court adopts the facts proffered by the Government in their Reply Brief (Doc. 229, pp. 3-8) in their entirety and incorporates those facts here. The Court finds that they are an accurate representation of the facts proffered at the earlier hearings in this case. Those facts have not been contested by Mr. Harris.

Additionally, Harris offers his girlfriend and mother of his child, Latoya Martin, as a person who will provide him a place to live if released. (Doc. 226, p. 2, ¶ 7).  The Government interprets this suggestion as an offer of Ms. Martin as a third-party custodian (Doc. 229, p. 20).  For the reasons set forth in the government's brief (Doc. 229, pp. 20-22) the Court finds that Ms. Martin would not be an appropriate third party custodian or a place where Harris should reside if released.  The Court accepts the Government's proffer of facts showing that Ms. Martin, at a minimum, turned a blind eye to Harris' illegal activities and participated with him in the spending of the proceeds of that activity.

## VI. ACCETTURO SIX FACTOR TEST

Applying the six factors to Mr. Harris' Second Bail Motion the only factor that supports his release is number 4, the length of detention. Given the strength of the other five factors, especially the danger to the community factor, the Court will not find that release on bail is required at this time.

Specifically regarding "the seriousness of the charges," this is a case involving a four-year conspiracy to manufacture and distribute huge quantities of carfentanil.

Second, regarding "the strength of the government's proof that Harris poses a risk of flight or a danger to the community" his criminal record and Middle District precedent supports the finding of dangerousness.

In *United States v. Santiago-Pagan*, the Honorable Christopher C. Conner, then Chief Judge of this Court, found that:

> Defendant's indictment for conspiracy, distribution, and possession of a large quantity of narcotics cuts strongly against his motion for release pending trial. The seriousness of the crimes alone, in the absence of significant countervailing considerations, allows the court to draw the inference that defendant will simply continue his alleged narcotics activity if released. *Santiago-Pagan*, 2009 WL 1106814, at *7 (citing *United States v. Carter,* 916 F.Supp. 193, 195 (N.D.N.Y. 1996) & *United States v. Duncan,* 897 F.Supp. 688, 691 (N.D.N.Y. 1995)). *Cited with approval* by Judge Brann in *U.S. v. Thompson*, 2018 WL 447331 (M.D. PA 2018).

Third, regarding "the strength of the government's case on the merits" the Court has made specific findings earlier in this opinion that make it clear the Government's case against Harris is both detailed and strong.

The fourth factor, "the length of the detention" does weigh in favor of release, but it is not dispositive.

Regarding the fifth factor "the complexity of the case" the legal questions are not unique, and the facts appear to be straightforward. The volume of evidence collected over time however, and the wholesale nature of the three Defendant's actions makes the case much more complex than the simple "hand to hand" drug sales.

And finally, regarding "whether the strategy of one side or the other has added needlessly to that complexity" a review of the docket indicates numerous defense motions, many requiring hearings. The Government has alleged a four-year long conspiracy and has turned over voluminous amounts of discovery involving extensive surveillance over a two-state area. I can find no evidence that any party has added <u>needlessly</u> to the complexity of the case.

## VII.   DUE PROCESS AND PERIODIC REVIEW

To address the due process concerns, a periodic review of the detention decision is an appropriate alternative to release. In this case Mr. Harris has had his detention reviewed by the Court on three previous occasions:

1. June 21, 2019 (Doc. 8);

2. June 28, 2019 (Doc. 21); and,

3. April 8, 2020 (Docs. 86, 87.

If delay continues, another bail review will be in order.

## VIII. CONCLUSION

In accordance with this decision, the Second Motion to Revoke Detention Order and Grant Bail (Doc. 226) will be DENIED.  An appropriate Order follows.

Dated: October 28, 2022          BY THE COURT

*s/William Arbuckle*
William Arbuckle
U.S. Magistrate Judge
